COLL, DEMANDANTE Y APELANTE, *v.* PORTO RICO RAILWAY LIGHT AND POWER COMPANY, DEMANDADA Y APELADA.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Primera, en pleito sobre daños y perjuicios.

No. 2350.—Resuelto en julio 12, 1921.

DAÑOS Y PERJUICIOS NO PROBADOS—DERECHO A SUSPENDER EL SUMINISTRO DE LUZ Y FUERZA ELÉCTRICA POR FALTA DE PAGO.—Cuando en un contrato para el suministro de corriente eléctrica se conviene que si el abonado dejare de pagar cualquier cuenta a su presentación la compañía podrá dejar de suministrar la corriente sin otro aviso, la falta de pago por corriente consumida justifica a la compañía el cortar la corriente; y aunque pudiera ofrecer alguna duda el derecho de ésta a entrar en el local del abonado con tal fin sin su consentimiento, la cuestión carece de importancia porque habiéndose reclamado perjuicios no se probó la existencia de los mismos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. G. Cruzado Silva.*

Abogado de la apelada: *Sr. J. H. Brown.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Cayetano Coll Cuchí demandó a la Porto Rico Railway, Light & Power Company en reclamación de $15,500 por daños y perjuicios basándose para ello, en resumen, en que la demandada penetró en la oficina del demandante sin su permiso, a viva fuerza, y cortó la corriente eléctrica que se había obligado a suministrarle, privándole así de servicios de luz y fuerza que le impidieron usar su dicha oficina durante las horas de la noche.

Aceptó la demandada en su contestación que había en efecto cortado la corriente, alegando que realizó tal hecho de acuerdo con los términos de su contrato por habérsele dejado de pagar durante tres meses la corriente consumida. Sostuvo que no entró en las oficinas del demandante a viva fuerza. Negó que el demandante sufriera perjuicios.

Se practicó la prueba y la corte de distrito declaró finalmente la demanda sin lugar, apelando entonces el demandante para ante este Tribunal Supremo.

La oficina de que se trata pertenecía al demandante, pero la corriente eléctrica se suministraba a virtud de un contrato firmado el 2 de agosto de 1916, así: "Juan Pujol. P/O Cay. Coll Cuchí." Los recibos se pasaron siempre a nombre de Juan Pujol. Este murió y dejaron de pagarse tres recibos. Los cobró finalmente por carta la demandada. El demandante contestó esa carta comunicando el hecho de la muerte de Pujols sin bienes. · La demandada ordenó entonces que se cortara la corriente y se quitara el contador. Al ir sus empleados a cumplir sus órdenes, intervino el demandante y lo impidió mientras estuvo presente, pero los empleados aprovechando el momento en que sólo había una señorita en la oficina, sin solicitar permiso de nadie, más sin usar fuerza o violencia de ningún género, penetraron y cortaron la corriente.

El demandante sostuvo que cuando contestó la carta relativa al cobro de la deuda no sabía que se trataba de la corriente suministrada a su oficina. Sostuvo también que estuvo siempre dispuesto a pagar pidiendo sólo que los recibos se dirigieran a su nombre y que a ello se avino la compañía. La compañía no aceptó esta versión de los hechos. Y el conflicto de la prueba fué resuelto por el juez de distrito en contra del demandante.

Quedó demostrado, pues, que por una u otra circunstancia la corriente consumida no fué pagada y por tanto que la

demandada actuó dentro de las facultades claramente reconocidas en su contrato al dejar de suministrarla.   Dice el contrato así:

"Qué si el abonado dejare de pagar cualquiera o todas las cuentas en su totalidad a su presentación, la compañía podrá quitar el contador y dejar de suministrar la corriente sin otro aviso."

La única cuestión que podría ofrecer alguna duda es la del derecho de la demandada a entrar en la oficina del demandante sin su permiso; pero esa duda no reviste importancia para los efectos del recurso en el presente caso, dada la circunstancia de que el demandante no probó que sufriera perjuicio alguno y él mismo declarando ante la corte dijo que a virtud de orden suya su *chauffeur*, al cabo de algún tiempo, conectó los alambres y siguió usando la corriente eléctrica.

Para un estudio por analogía del principio envuelto, puede consultarse el caso de *Silverstin* v. *Kohler & Chase,* 9 A. L. R. 1177, y autoridades en él citadas.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.